Nash, C. J.
 

 On the trial of this ease below, the plaintiff was permitted to give parol evidence of a receipt, without notice to the defendant to produce it, or otherwise accounting for it; in this there is error. The case has been likened to a receipt for the payment of money. In such case it has been hold, that the receipt is not conclusive against him who gave it; that ho may show he never received it. Stratton v. Restall and others, 2 Term. 366; for parol proof is of as high' nature as the receipt. Southwick v. Hayden, 7 Cowen 335 ; Starkie on Ev. 1044. A mere receipt, not under seal, cannot operate as an estoppel, but is mere evidence of the fact to be submitted to the jury, and capable of being rebutted by the other circumstances of the case. Alme v. George, 1 Camp. 392; Sampson v. Cooke, 7 E. C. L. R. 205 ; Latour v. Bland, 3 E. C. R. 392; Star, on Ev. 1275. These cases show, that where a receipt for the payment of money is given, the payment may
 
 *547
 
 be proved without the production of the receipt, and if produced, it maybe contradicted by oral testimony. The receipt ..ere is not for the payment of money, but is in the nature of a contract. The plaintiff’s intestate held a note for $827 upon Lewis, Green and Bright, dated in 1841. In 1843, Lewis engaged the defendant to take to the intestate notes to the nominal amount of $1000, which he owned and held upon different persons, all of whom were insolvent. Several of these notes, to the amount of the one held by the intestate, he was induced to take from the defendant, upon his assurance the debtors were perfectly solvent and able to pay. Before that time, the intestate had commenced an action by attachment against the obli-gors on the note due him, and the note was then in the elerk’g office. So that the parties were actually making a compromise, and we may well presume that its terms were set forth in the receipt. It is well settled, that when the terms of' an agreement are reduced to writing, the document itself is the only evidence the law will recognise, so long as it exists. • Star, on Ev. 1002. As this point decides the case for the present, wo give no opinion upon the other and more important one.
 

 There was error in the reception of the parol evidence objected to. The judgment reversed and a
 
 venire de novo.
 

 Per Curiam. Judgment reversed.